## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **RIPPLE JUNCTION DESIGN CO.**<br>11529 Goldcoast Drive<br>Cincinnati, Ohio  45249 | Case No. **1 : 05 C V 043** |
| | (Judge  WEBER, J. ) |
| **Plaintiff,** | J. BLACK |
| -v- | |
| **OLAES ENTERPRISES, INC.**<br>**d/b/a ODM**<br>13860 Stowe Drive<br>Poway, California  92064 | **COMPLAINT FOR MONETARY AND<br>INJUNCTIVE RELIEF -- JURY<br>DEMAND ENDORSED HEREON** |
| *SERVE ALSO:*<br>**Jay S. Kopelowitz, Esq.**<br>**Statutory Agent**<br>12702 Via Cortina, Suite 700<br>Del Mar, California  92014 | |
| **Defendant.** | |

Plaintiff Ripple Junction Design Co. ("Ripple Junction"), through counsel, for its Complaint against Defendant Olaes Enterprises, Inc. d/b/a ODM ("ODM"), hereby states and alleges as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is based upon 28 U.S.C. § 1331, the United States Trademark Act, 15 U.S.C. § 1051 *et seq.*, and the United States Copyright Act, 17 U.S.C. § 101 *et seq.*  This Court also has supplemental jurisdiction over Ripple Junction's state law claims pursuant to 28 U.S.C. § 1367.

2.     Personal jurisdiction in this Court is appropriate pursuant to the Ohio Long Arm Statute, Ohio Revised Code §§ 2307.382(A).  First, ODM has transacted business and has contracted to sell its merchandise in this state.  ODM has also engaged in and continues to engage in tortious activity with respect to Ripple Junction, knowing that it is causing tortious injury to Ripple Junction in this state.

3.     Venue is appropriate in this judicial district because Defendant ODM, pursuant to 28 U.S.C. § 1391, has committed tortious acts in this district.  Venue is further appropriate as Defendant ODM is subject to personal jurisdiction in this district.

## THE PARTIES

4.     Plaintiff Ripple Junction is an Ohio corporation, having its principal place of business in Cincinnati, Ohio.  Ripple Junction is the owner of the common law trademarks MY WIENER, MY WIENER (with the image of a profile of a Dachshund dog), and I ♥ MY WIENER (with the image of a profile of a Dachshund dog), and Ripple Junction owns pending federal trademark applications currently pending under U.S. Application Serial Nos. 78,467,239, 78,467,208, and 78,468,886, respectively, to register the aforementioned trademarks used in connection with Ripple Junction's business of selling t-shirts, clothing items, leather goods, and various other novelty goods.  Copies of the status print-outs from the United States Patent and Trademark Office ("USPTO") web site showing Ripple Junction's pending applications to register MY WIENER, MY WIENER (with the image of a profile of a Dachshund dog), and I ♥ MY WIENER (with the image of a profile of a Dachshund dog) are attached hereto as Exhibit A and incorporated herein by reference.

5.      Ripple Junction has been using its distinctive WIENER family of trademarks in commerce since August of 2003.

6.      Ripple Junction also owns copyrights in the various WIENER designs and images which appear on its t-shirts, wallets and other novelty goods.  Copies of the various copyright applications filed with the U.S. Copyright Office are attached hereto as Exhibit B and incorporated herein by reference.

7.      Defendant ODM is a California corporation with its principal place of business located at 13860 Stowe Drive, Poway, California 92064.  Upon information and belief, ODM is a design house and is engaged in the business of making t-shirts and other novelty goods.

## BACKGROUND

8.      As set forth above, Ripple Junction is the owner of the exclusive right to use the WIENER name, image of a profile of a Dachshund dog design, and copyrights, in connection with sales of clothing and other novelty goods.

9.      Ripple Junction's WIENER name and design of a profile of a Dachshund dog have been extensively used, advertised and promoted by Ripple Junction, and the relevant consuming public associates the WIENER name and Dachshund dog logo with Ripple Junction. Through the use and promotion of its WIENER name and Dachshund dog design, Ripple Junction has established a reputation for quality and service in the field of clothing and novelty goods.

10.     The WIENER name and Dachshund dog logo have become quite well-known and popular in the industry in which both Ripple Junction and Defendant ODM operate.  By virtue of

- 3 -

the widespread use, promotion and recognition of the WIENER name and Dachshund dog logo trademarks, Ripple Junction has acquired a valuable commercial distinctiveness, and the WIENER name and Dachshund dog logo trademarks are famous and symbolize Ripple Junction and its business of sales of clothing and novelty goods.

11.    Ripple Junction has invested substantial sums of money in establishing the affiliation between quality goods and the WIENER name and Dachshund dog logo, thus enabling consumers to rely upon the WIENER name and Dachshund dog logo when purchasing clothing and/or novelty goods.  Ripple Junction also has the exclusive right to control the use and exploitation of the copyrighted designs created by Ripple Junction in its copyrighted Wiener designs and images.

12.    On or around September, 2004, Ripple Junction first became aware that Defendant ODM was selling t-shirts bearing one of the following sayings:  "My Wiener is Happy," "My Wiener Likes You," or "Balanced Wiener."  Some of the t-shirts contain an image of a Dachshund dog while some contain drawings of a hot dog (also commonly known as a wiener).

13.    Ripple Junction notified ODM in writing of its violation of Ripple Junction's trademarks and copyrights in connection with the infringing t-shirts on September 22, 2004.  A copy of this letter is hereto attached as Exhibit C and incorporated herein by reference.  The September 22 letter made clear that ODM had seven (7) days to respond, and that Ripple Junction was prepared to take any legal steps necessary to protect the value and integrity of its intellectual property.  This was Ripple Junction's first good faith effort to resolve the dispute.

14.     Ripple Junction's counsel received a response from ODM's counsel, Jay S. Kopelowitz, on September 30, 2004.  A copy of this letter is attached hereto as Exhibit D and incorporated herein by reference.  The letter requested copies of all of Ripple Junction's trademark and copyright registrations and stated that once Mr. Kopelowitz had reviewed the registrations, he would respond to the substantive allegations in Ripple Junction's September 22 letter.

15.     Even though Ripple Junction's original September 22 letter referenced the U.S. Application Serial Numbers for Ripple Junction's trademark filings, and those filings are readily available from numerous third-party sources, including, but not limited to, the USPTO, simply by searching under the Serial Numbers at www.uspto.gov, Ripple Junction's counsel sent a response to Mr. Kopelowitz on October 21, 2004, which included copies of the trademark records on file with the USPTO and an image of one of Ripple Junction's WIENER designs, as well as WIENER labels used in Ripple Junction's WIENER branded t-shirts and clothing goods. A copy of this letter is attached hereto as Exhibit E and incorporated herein by reference.  This letter stated "with the additional information and enclosures provided with this letter, we trust that you have sufficient information to respond to the substance of Ripple Junction's claims," and closed with the statement "I look forward to hearing from you at your earliest convenience." Ripple Junction fully intended to, and was still interested in exploring settlement possibilities with ODM.

16.     No response to the October 21, 2004 correspondence was ever received from ODM or its counsel, and no other correspondence took place between Ripple Junction and ODM,

or counsel for the parties. Moreover, Plaintiff is informed and believes and on that basis alleges that ODM has not ceased and desisted from selling infringing goods, including in this state.

17.     In addition to continuing to sell infringing goods, ODM initiated a declaratory judgment action against Ripple Junction in the United States District Court for the Southern District of California. The declaratory judgment action was an obvious attempt to forum shop and to preempt this lawsuit.

## COUNT ONE
## (TRADEMARK INFRINGEMENT/UNFAIR
## COMPETITION UNDER 15 U.S.C. § 1051 *et seq.*)

18.     Ripple Junction incorporates by reference the allegations set forth in Paragraphs 1 through 17 above.

19.     Since the inception of use of the WIENER name and Dachshund dog logo trademarks, Ripple Junction has complied with the United States Trademark Act, 15 U.S.C. § 1051 *et seq.* and all statutory and common law requirements to establish trademark rights in the WIENER name and Dachshund dog logo trademarks.

20.     Defendant ODM's knowing actions in utilizing the WIENER name and Dachshund dog logo trademarks constitutes willful acts of infringement under the United States Trademark Act, 15 U.S.C. § 1051 *et seq.* and entitles Ripple Junction to its damages, Defendant ODM's profits, and Ripple Junction's attorney fees.

## COUNT TWO
## (FALSE REPRESENTATION OF ORIGIN/UNFAIR COMPETITION)

21.     Ripple Junction incorporates by reference the allegations set forth in Paragraphs 1 through 20 above.

22.     Defendant ODM's acts constitute a false and misleading representation of fact which is likely to cause confusion and to cause mistake and deceive others as to the affiliation, connection and association of ODM with Ripple Junction in violation of 15 U.S.C. § 1125(a) and the common law relating to unfair competition.

23.     Ripple Junction has been and will continue to be damaged by the false and misleading representations of fact by reason of the likelihood that users of Defendant ODM's goods were confused, and will continue to be confused as to the true source, sponsorship and affiliation of the goods being offered by Defendant ODM under and in connection with Ripple Junction's WIENER name and Dachshund dog logo trademarks.

24.     As a direct and proximate result of the Defendant ODM's false representations of origin and activities of unfair competition, Ripple Junction has incurred and continues to incur financial injury in an amount to be proven at trial, but believed to be in excess of Twenty-Five Thousand ($25,000.00) Dollars.

## COUNT THREE
## (COPYRIGHT INFRINGEMENT)

25.     Ripple Junction incorporates by reference the allegations set forth in Paragraphs 1 through 24 above.

26.     The original designs for the I ♥ MY WIENER (with the image of a profile of a Dachshund dog), MY WIENER ROCKS (with the image of a dog turned forward), MY WIENER DOES TRICKS (with the image of a dog turned forward) A CLEAN WIENER IS A HAPPY WIENER (with the image of a dog turned forward), HAVE YOU SEEN MY WIENER (with the image of a dog turned forward), MY WIENER LOVE YOU LONG TIME (with the image of a dog turned forward), RUB MY WIENER FOR GOOD LUCK (with the image of a dog turned forward), and MY WIENER IS LUCKY were designed and created by Ripple Junction employees within the scope of their employment. Accordingly, upon creation of these designs, Ripple Junction was, is, and remains the sole author of these designs and Ripple Junction is the original, sole, and exclusive owner of the copyrights in these designs.

27.     Ripple Junction's designs are valuable intellectual property reflecting copyrightable expression and a substantial investment. Ripple Junction is the owner of all rights in such designs, and owns the exclusive rights to copy, reproduce, sell, make derivative works, and to otherwise exploit these designs. Ripple Junction has filed with the U.S. Copyright Office, applications to register its copyrights in these designs, as shown in Exhibit B.

28.     Defendant ODM has willfully and intentionally infringed Ripple Junction's copyrights by knowingly copying and illegally using Ripple Junction's copyrighted designs, and it continues to do so despite Ripple Junction's demands that it cease and desist.

29.     Defendant ODM is fully aware that it did not create the designs and that it made use of the designs without any kind of license or permission from Ripple Junction to do so.

30.     Ripple Junction has been damaged by Defendant ODM's copyright infringement in an amount to be determined at trial, but believed to be well in excess of Twenty-Five Thousand ($25,000.00) Dollars.

## COUNT FOUR
### (INJUNCTION)

31.     Ripple Junction incorporates by reference the allegations set forth in Paragraphs 1 through 30 above.

32.     Despite the request of Ripple Junction, Defendant ODM has continued to infringe upon Ripple Junction's exclusive rights to use the WIENER name and Dachshund dog logo trademarks and copyrights that are the exclusive property of Ripple Junction.

33.     The wrongful and unjustifiable continued use of the WIENER name and Dachshund dog logo trademarks and copyrights entitles Ripple Junction to temporary and permanent injunctive relief against such conduct by Defendant ODM.

34.     The wrongful use and violation of Ripple Junction's exclusive rights in and to the WIENER name and Dachshund dog logo trademarks and copyrights, has caused and will cause immediate and irreparable injury to Ripple Junction by confusing the public with respect to the source, sponsorship and quality of services and goods provided by Defendant ODM.

35.     Furthermore, Ripple Junction believes by virtue of the refusal of Defendant ODM to refrain from infringing on Ripple Junction's exclusive rights to the WIENER name and Dachshund dog logo trademarks, copyrights and other exclusive Ripple Junction property that

such wrongful conduct and resulting injury is likely to continue unless Defendant ODM is enjoined from such conduct by this Court.

36.     Such wrongful and infringing use of the WIENER name and Dachshund dog logo trademarks, copyrights and other exclusive Ripple Junction property has caused and will cause irreparable injury to Ripple Junction's business reputation and goodwill, as Ripple Junction has no means to control Defendant ODM's business practices and procedures.

37.     Ripple Junction has no adequate remedy at law.

### COUNT FIVE
### (COMMON LAW UNFAIR COMPETITION)

38.     Ripple Junction incorporates by reference the allegations contained in Paragraphs 1 through 37 above.

39.     The acts alleged above in Counts One through Four constitute unfair competition under the common law of the State of Ohio, and under the federal unfair competition laws.

40.     By means of and as a result of Defendant's unfair competition, Ripple Junction has suffered and continues to suffer serious and substantial injury, including irreparable harm, in an amount to be proven at trial but believed to be well in excess of Twenty-Five Thousand ($25,000.00) Dollars.

**WHEREFORE,** Ripple Junction demands judgment against Defendant ODM, as follows:

(1)     An award of compensatory monetary damages for Defendant ODM's ongoing and willful trademark infringement and unfair competition by the illegal use of the WIENER name and Dachshund dog logo trademarks, in an amount to be proven at trial;

(2)     An award of Defendant ODM's profits gained through the willful, unlawful and illegal use of the WIENER name and Dachshund dog logo trademarks;

(3)     A declaration that the aforesaid acts constitute violations of 15 U.S.C. §§ 1114 and 1125 and constitute unfair competition;

(4)     An award of compensatory monetary damages for Defendant ODM's ongoing and willful copyright infringement by the illegal copying and use of Ripple Junction's copyrighted designs, in an amount to be proven at trial;

(5)     That Defendant ODM, and those acting in privity with Defendant ODM be preliminarily and permanently enjoined and restrained from directly or indirectly using the WIENER name and Dachshund dog logo trademarks or any other marks or names related to or confusingly similar thereto, and prohibiting Defendant ODM from using any trade practices that tend to unfairly compete with and injure Ripple Junction, its business and the goodwill associated with such business;

(6)     That Defendant ODM be required to pay Ripple Junction compensatory damage for the injuries sustained by Ripple Junction as a result of Defendant ODM's acts;

(7)     That the Defendant ODM be required to reimburse Ripple Junction for all of its litigation expenses, including reasonable attorneys' fees and Ripple Junction's costs in pursuing this action; and

(8)     That Ripple Junction has such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Jason M. Cohen (0076081)
Karen Kreider Gaunt (0068418)
Alison J. Bouffard (0078214)
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio  45202
Tel:     (513) 579-6527
Fax:     (513) 579-6457
*Attorneys for Plaintiff,*
*Ripple Junction Design Co.*

OF COUNSEL:

KEATING, MUETHING & KLEKAMP, P.L.L.
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio  45202
(513) 579-6400

## JURY DEMAND

Plaintiff demands a jury trial of all issues so triable herein.

1393236.1