```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION

Ripple Junction Design Co.,    )
                               )
                Plaintiff,     ) Case No. 1:05-CV-43
                               )
     vs.                       )
                               )
                               )
Olaes Enterprises, Inc.,       )
d/b/a ODM,                     )
                               )
                Defendant.     )
```

O R D E R

This matter is before the Court on Defendant Olaes Enterprises, Inc.'s motion to dismiss, transfer or stay (Doc. No. 9).  For the reasons set forth below, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**; Defendant's motion to transfer is **MOOT**; Defendant's motion to stay is **MOOT**.

I. Background

On January 24, 2005, Plaintiff Ripple Junction Design Co. ("Ripple Junction") filed a complaint asserting federal claims of trademark and copyright infringement against Defendant Olaes Enterprises, Inc. ("ODM").  The complaint also asserts a claim against ODM under the Lanham Act for false designation of origination and a state common law claim for unfair competition.  Ripple Junction's claims relate to the following marks: "MY

WIENER" "MY WIENER (with the image of a profile of a Dachshund)," and "I ♥ WIENER (with the image of a profile of a Dachshund)." Complaint ¶ 4. Ripple Junction has filed both trademark and copyright applications, but to date no action has been taken. See id.; id. ¶ 6. The complaint alleges that ODM has infringed its trademarks and copyrights by selling t-shirts that sometimes bear an image of a Dachshund and with the sayings "My Wiener is Happy," "My Wiener Likes You," or "Balanced Wiener." Id. ¶ 12.

The complaint discloses that Ripple Junction sent a cease and desist letter to ODM in September 2004, but an exchange of correspondence between the parties did not resolve the dispute. Id. ¶¶ 12-16. Instead, in December 2004, ODM filed a complaint for a declaratory judgment of non-infringement against Ripple Junction in the United States District Court for the Southern District of California. However, Judge Benitez recently dismissed ODM's case in California as not being appropriate for declaratory relief on the grounds ODM was using its declaratory judgment as a means of forum shopping. Additionally, Judge Benitez ruled that the first-to-file rule did not apply because ODM was forum shopping. See Doc. No. 18.

On February 18, 2005, ODM filed a motion to dismiss, transfer, or stay this case. In its motion, ODM argued that this Court should stay this case or transfer it to the Southern District of California under the first-to-file rule. However,

Judge Benitez's decision that the first-to-file rule does not apply and dismissing ODM's declaratory judgment action moots this aspect of ODM's motion.  Alternatively, ODM argues that the Court should dismiss Ripple Junction's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ODM argues that the complaint insufficiently states a claim for trademark infringement because it fails to allege the exact word or graphic designations it claims as a trademark.  ODM also argues that "wiener" cannot be registered as a trademark because it is a generic or common descriptive term.  ODM moves to dismiss Ripple Junction's copyright infringement claims because, although it has filed applications for registration with the PTO, its applications have not yet been approved.  Finally, ODM moves to dismiss Ripple Junction's claim for injunctive relief, which is pled as a separate cause of action, because injunctive relief is not a substantive cause of action.

## II. Rule 12(b)(6) Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.  In its consideration of a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the Plaintiff and accept all well-pleaded factual allegations in the complaint as true.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155

(6th Cir. 1983). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir. 1974). A court will, though, accept all reasonable inferences that might be drawn from the complaint. Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, this Court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

### III. Analysis

#### A. Trademark Infringement

In order to prevail on a claim for trademark infringement, the plaintiff must establish: 1) ownership of a specific service mark in connection with specific services; 2) continuous use of the service mark; 3) establishment of secondary meaning if the mark is descriptive; and 4) a likelihood of confusion amongst consumers due to the contemporaneous use of the parties' service marks in connection with the parties' respective services. Homeowners Group, Inc. v. Home Mktg Spec., Inc., 931 F.2d 1100, 1105 (6th Cir. 1991).

Contrary to ODM's motion, Ripple Junction's trademark infringement complaint satisfies each of these elements. The complaint alleges that Ripple Junction is the owner of the copyrights using "WIENER" and the image of a Dachshund in connection with selling clothing and novelty goods. Complaint ¶ 8. The complaint further alleges that Ripple Junction has been using these marks since August of 2003. Id. ¶ 5. The complaint alleges that customers will likely be confused by ODM's use of similar marks. Complaint ¶¶ 22-23. Although ODM argues that "WIENER" is merely a generic or descriptive term, the complaint alleges that its marks are famous and "enable consumers to rely upon the WIENER name and Dachshund dog logo when purchasing clothing and/or novelty goods." Complaint ¶¶ 10, 11. This last contention is sufficient to allege that Ripple Junction's trademarks have acquired secondary meaning. See Champions Golf Club, Inc. v. The Champions Golf Club, Inc., 78 F.3d 1111, 1117 (6th Cir. 1996)("To acquire a secondary meaning in the minds of the buying public, an article of merchandise when shown to a prospective customer must prompt the affirmation, 'That is the article I want because I know its source,' and not the negative inquiry as to 'Who makes that article?'"). Therefore, the complaint meets all of the requirements to state a claim for trademark infringement. Finally, the Court notes that Ripple Junction's marks are entitled to protection under the Lanham Act

even if they are unregistered. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 767-68 (1992).

Accordingly, ODM's motion to dismiss Ripple Junction's Lanham Act trademark infringement claims is not well-taken and is **DENIED**.

### B. Copyright Infringement

ODM moves to dismiss Ripple Junction's claims for copyright infringement because the Copyright Office has not approved its applications for copyrights. Ripple Junction argues that the filing of its applications with the Copyright Office is sufficient to confer standing to sue ODM for copyright infringement. It is well-established that registration is a prerequisite to filing suit for copyright infringement. Murray Hill Pub., Inc. v. ABC Comm., Inc., 264 F.3d 622, 630 (6th Cir. 2001). In this case, the complaint demonstrates that Ripple Junction has filed applications to register its copyrights, but that the Copyright Office has taken no action on its applications. The question presented is whether a plaintiff satisfies the condition precedent by merely filing an application for registration or whether the Copyright Office must approve the application and issue a certificate of registration before the plaintiff can maintain a lawsuit for copyright infringement.

There is a split of authority on whether an application for registration satisfies the condition precedent. See Apple

6

Barrel Prod., Inc. v. Beard, 730 F.2d 384, 386 (5th Cir. 1984)(in order to establish standing, plaintiff only need show payment of fee, deposit of work in question, and receipt by the Copyright Office of the registration application); Iconbazaar, L.L.C. v. America Online, Inc., 308 F. Supp.2d 630, 633 (M.D.N.C. 2004)(same)(collecting cases identifying split of authority); La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1200-01 (10th Cir. 2005)("[O]nly upon registration or refusal to register is a copyright holder entitled to sue for copyright infringement under § 411."); Marshall & Swift v. BS & A Software, 871 F. Supp. 952, 957-58 (W.D.Mich. 1994)(application for copyright registration insufficient to satisfy condition precedent; plaintiff must obtain certificate of registration before filing suit); Loree Rodkin Mmgt. Corp v. Ross-Simons, Inc., 315 F. Supp.2d 1053, 1054-56 (C.D.Cal. 2004)(same).

   The Sixth Circuit has not specifically addressed whether the registrant's application for a copyright satisfies the condition precedent necessary to filing an action for copyright infringement. As a matter of straightforward statutory construction, this Court agrees with those courts, in particular the court in Rodkin Mmgt., who have decided that a district court does not have subject matter jurisdiction over a copyright infringement action until the Copyright Office issues a certificate of registration to the applicant, or the Copyright

7

Office refuses the application. In other words, merely filing an application for registration is insufficient to satisfy the condition precedent to filing an infringement suit.

Section 411(a) of the Copyright Act provides in relevant part:

> Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a).[1] This section makes clear that an infringement suit may not instituted until registration of the copyright is completed. In turn, § 410(a) states that:

> When, after examination, the Register of Copyrights determines that, in accordance with the provisions of

---

[1] "Preregistration" suggests an application process. "Preregistration," however, is a term of art under the Copyright Act which applies to a class of works determined by the Register of Copyrights to have a history of infringement prior to authorized commercial distribution. 17 U.S.C. § 408(f). Although other classes of works may be eligible for preregistration, it appears that Congress enacted the preregistration provisions to protect producers of motion pictures and sound recordings from pre-distribution infringement. Preregistration is not a substitute for registration, however, and Ripple Junction does not otherwise contend that the preregistration provisions apply here. See generally 70 Fed. Reg. 42286-01 (July 22, 2005).

> this title, the material deposited constitutes
> copyrightable subject matter and that the other legal
> and formal requirements of this title have been met,
> the Register shall register the claim and issue to the
> applicant a certificate of registration under the seal
> of the Copyright Office.

17 U.S.C. § 410(a). Section 410(a) shows that a claim is not registered until the Copyright Office determines that the material under submission is copyrightable and the other formal requirements of the Act have been met. Read together, § 411(a) and § 410(a) show that "registration" means that the Copyright Office has determined that the copyright claim has been approved and that an infringement suit may not be instituted until registration has been completed. Had Congress wished to authorize the filing of infringement suits upon an application to register a copyright it could have easily said so. The Court notes that § 409 is entitled "Application for Copyright Registration" and sets forth the information and materials the applicant is required to file with Copyright Office to obtain registration. Thus, Congress clearly wanted to differentiate the application process from the registration process.

The Court also notes that § 411(a) provides that an infringement suit may be initiated after the application for registration is refused. If a party could file an infringement suit merely upon filing his application for registration, there would be no need to include a provision stating that a suit can be maintained after the application is refused. A party could

9

simply file suit when he filed his application for registration and it would make no difference whether the application was granted or refused in terms of satisfying the condition precedent.  The Court must interpret a statute to give effect to each clause, sentence, and word so that none is rendered superfluous or surplusage.  United States v. Perry, 360 F.3d 519, 537 (6th Cir. 2004).  An interpretation of § 411(a) that allows filing an infringement suit upon application for registration would read out of the statute the provision that a suit can be filed after the application is refused.  Finally, the Court observes that by specifically stating that an infringement suit may be instituted after registration is completed, or the application is refused, but omitting that suit can be instituted upon application for registration, Congress intended for the Copyright Office to have the first opportunity to review the merits of the claimed copyright.

For the reasons stated, the Court concludes that the condition precedent to filing an infringement suit established by § 411(a) is not satisfied by the filing of an application for registration.  Rather, in order to bring an infringement action on a copyright, the Copyright Office must have either registered the copyright or refused the application.  In this case, the complaint demonstrates that Ripple Junction has filed applications to register its copyrights, but they have not been

10

registered by the Copyright Office. Nor has the Copyright Office refused Ripple Junction's applications. Consequently, Ripple Junction has not met the condition precedent to filing an infringement suit and the Court does not have jurisdiction over its copyright infringement claims. Accordingly, ODM's motion to dismiss Ripple Junction's copyright infringement claims is well-taken and is **GRANTED**. Count Three of the complaint is **DISMISSED WITHOUT PREJUDICE**.

### C. Miscellaneous

ODM moves to dismiss Ripple Junction's claim for injunctive relief because it is a form of relief rather than a cause of action. The Court notes and appreciates the technical accuracy of the distinction identified by ODM. Nevertheless, the Lanham Act authorizes a district court to award injunctive relief to the plaintiff. Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc., 670 F.2d 642, 647 (6th Cir. 1982). Dismissing Ripple Junction's claim for injunctive relief because it is captioned as a cause of action rather than a claim for relief elevates form over substance. Accordingly, ODM's motion to dismiss Ripple Junction's claim for injunctive relief is not well-taken and is **DENIED**.

Finally, ODM argues that Ripple Junction's unfair competition claims should be dismissed to the extent they coincide with rights provided under the Copyright Act. Ripple

Junction responds that its unfair competition claims arise only under the Lanham Act, not under the Copyright Act. This argument overlooks, however, Count Five of the complaint, which states in pertinent part, "The acts complained of in Counts One through Four constitute unfair competition under the common law of the State of Ohio, and under the federal unfair competition laws." Complaint ¶ 39.

The Court agrees with ODM that Ripple Junction's state law unfair competition claims are preempted to the extent they are based on ODM's alleged infringement of its copyrights. See ATC Dist. Group, Inc. v. Whatever It Takes Trans. & Parts, Inc., 402 F.3d 700, 713-14 (6th Cir. 2005). Therefore, to that extent, ODM's motion to dismiss is well-taken and is **GRANTED**. On the other hand, state law unfair competition claims are not preempted by federal law and in fact parallel Lanham Act claims for trademark infringement and false designation of origin. Interactive Prod. Corp. v. a2Z Mobile Office Solutions, Inc., 326 F.3d 687, 694 (6th Cir. 2003). Therefore, to the extent Ripple Junction's common law unfair competition claims parallel the Lanham Act, ODM's motion to dismiss is not well-taken and is **DENIED**.

## Conclusion

In conclusion, ODM's motion to dismiss, transfer, or

stay is **GRANTED IN PART, DENIED IN PART**, and **MOOT IN PART**.  To the extent that ODM moves to transfer or stay this case under the first-to-file rule, the motion is **MOOT**.  ODM's motion is well-taken and is **GRANTED** to the extent it seeks dismissal of Ripple Junction's federal copyright claims and state unfair competition claims which are based on copyright infringement.  Ripple Junction's federal copyright claims are **DISMISSED WITHOUT PREJUDICE.**  Ripple Junction's state law unfair competition claims based on copyright infringement are preempted, and therefore, are **DISMISSED WITH PREJUDICE.**  ODM's motion to dismiss Ripple Junction's federal Lanham Act claims, parallel state law unfair competition claims, and claim for injunctive relief is not well-taken and is **DENIED.**

    **IT IS SO ORDERED**

Date September 8, 2005          s/Sandra S. Beckwith
                                    Sandra S. Beckwith, Chief Judge
                                      United States District Court